## In re WALKER'S ESTATE.

*(Surrogate's Court, Cattaraugus County. July, 1888.)*

EXECUTORS AND ADMINISTRATORS—ACCOUNTING—LIABILITY FOR COSTS.

Where an administrator keeps funds of the estate in his own private bank, and on settlement, in which he prepares his accounts in good faith, without any attempt at concealment, and on objections and cross-examination is ordered to account for interest, he is not chargeable personally with the costs of the accounting.

Judicial settlement of the estate of Henry C. Walker, deceased, by Dow, administrator. The widow, and Frank Walker, decedent's son, objected that the administrator had not charged himself with interest on the funds of the estate, which had lain in his own private bank more than a year and a half. Administrator ordered to account for the interest, and objectors move that he be charged personally with the costs of the accounting.

*Crowley & Reilly*, for objectors. *M. V. Benson*, for administrator.

SPRING, S. The counsel for the next of kin urges with some vehemence that the administrator, Dow, should be personally charged with the costs in the proceeding. Mr. Dow was the acting administrator, and the estate committed to him was intricate and perplexing. He filed his account in proceedings for judicial settlement, and objection was filed thereto, alleging that he did not account for interest on the funds held by him as administrator. Mr. Dow was cross-examined by the contestant's counsel, and testified that he was a private banker, and kept the funds of this small estate in his bank, and supposed that he was not chargeable with any interest, as he paid no interest on deposits. He was ordered to account for such interest as he had received, and now he is sought to be charged with the costs of the accounting. There was no attempt at concealment by the administrator, and he prepared his account in perfect good faith, and the sum total of the trial consisted of this brief cross-examination. I do not think it is a proper case to make the administrator pay the costs personally. The cases cited by the counsel for con-

testant are either where a personal claim has been presented by the administrator, and, after a long trial, has been rejected and disallowed, or where he goes into a court of law in his representative capacity, but solely for his own benefit, and is personally chargeable with the costs.   I hardly think the case under consideration is one of those, or parallel to either.   The imposition of costs against an administrator, personally, on the judicial settlement of his account, is of rare occurrence, and should not be made from any trivial cause. The compensation the administrator received for his services in the administration of this estate inadequately paid him for the annoyance and trouble he was caused, and justice does not require a still further diminution of this pittance by burdening him with costs.   The motion to make him pay the costs personally is denied.